**Michael L. BAILEY, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 82A01–9505–CR–150.

Court of Appeals of Indiana.

July 25, 1995.

---

Michael L. Bailey, Michigan City, pro se.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

**OPINION**

ROBERTSON, Judge.

Michael L. Bailey appeals the denial of his petition to file a belated praecipe which he

filed after the denial, with prejudice, of his petition for post-conviction relief. He presents the issue as:

> Whether the Post–Conviction Court abused its discretion in denying the petitioner's Petition for Permission to File a Belated Praecipe, in violation of the 1st and 14th Amendments to the U.S. Constitution and Article I, Section 12 of the Indiana Constitution.

We affirm.

On June 22, 1992, the post-conviction court denied Bailey's petition for post-conviction relief. After the date to file a timely praecipe had passed, Bailey filed a petition for permission to file a belated praecipe. In the petition, Bailey offered several explanations for having missed the deadline for filing the original praecipe and urged that he had proceeded without fault and with due diligence. The post-conviction court denied the petition.

On appeal, Bailey claims the post-conviction court erroneously denied his petition to file a belated praecipe. He cites Ind. Post–Conviction Rule 2 as authority for his position. In the past, P–C.R. 2 applied to appeals which challenged the decisions of a post-conviction relief court. *See Brown v. State* (1989), Ind.App., 536 N.E.2d 549, 551. The current version of P–C.R. 2, however, provides, in pertinent part:

> **Section 1. Belated Praecipe.** Where a defendant convicted after a trial or plea of guilty fails to file a timely praecipe, a petition for permission to file a belated praecipe *for appeal of the conviction* may be filed with the trial court, where:
>
> (a) the failure to file a timely praecipe was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated praecipe under this rule.
>
> The trial court shall consider the above factors in ruling on the petition. Any hearing on the granting of a petition for permission to file a belated praecipe shall be conducted according to Section 5, Rule P.C. 1.
>
> If the trial court finds grounds, it shall permit the defendant to file the belated praecipe, which praecipe shall be treated for all purposes as if filed within the prescribed period.
>
> If the trial court finds no grounds for permitting the filing of a belated praecipe, the defendant may appeal such denial of filing a praecipe within thirty (30) days of said denial.

(Emphasis added).

Thus, effective January 1, 1994, a defendant may file a petition for permission to file a belated praecipe only for appeal of the conviction. The specific wording of the rule excludes a petition for permission to file a belated praecipe for decisions which address post-conviction relief.

Bailey filed his petition for permission to file a belated praecipe on January 23, 1995. His petition addressed the June 22, 1992, denial of his request for post-conviction relief. For more than one year prior to his quest for the belated praecipe, P–C.R. 2 had excluded the use of such a petition to challenge such a denial. Inasmuch as Bailey requested relief under P–C.R. 2 in a context in which that rule no longer applies, the post-conviction court appropriately denied him permission to file a belated praecipe.

Judgment affirmed.

BAKER and RUCKER, JJ., concur.